## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **ANTONIO BUTLER LEWIS,** | : | |
| **Plaintiff** | : | |
| VS. | : | CIVIL ACTION NO: 7:11-CV-154-HL |
| **Judge BILL REINHARDT,** | : | |
| **Defendants** | : | |

### ORDER

Currently before the Court is Plaintiff's Motion to Proceed *in forma pauperis* on Appeal. [Doc. 10]. In the Order dismissing this action [Doc. 6], the Court found that it was required to abstain from considering constitutional claims arising out of Plaintiff's ongoing criminal prosecution. See Younger v. Harris, 401 U.S. 37 (1971) (requiring a district court abstain from interfering with state criminal proceeding). Plaintiff has now filed a Notice of Appeal [Doc. 8] and would like to proceed without prepayment of the filing fee.

Motions to appeal *in forma pauperis* are controlled by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides

> (a) (1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>  . . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Federal Rule of Appellate Procedure 24 likewise provides,

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows ... the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

> . . . .
> (3) ... A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding . . . .

Therefore, before a party may proceed in an appeal without prepayment of the filing fee, he must show both an inability to pay and that the appeal is brought in good faith. In this case, Plaintiff has submitted an affidavit demonstrating an inability to pay. The Court, however, cannot find that his appeal is taken in good faith.

Though Plaintiff claims, in his Notice of Appeal [Doc. 8], that the abstention doctrine should not apply to his claims for damages, "[t]he Eleventh Circuit has . . . indicated its approval of applying the Younger doctrine to § 1983 actions for money damages." Boyd v. Boatright, 2011 WL 2535318 at * 2 (S.D. Ga. June 27, 2011) (citing Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering court to abstain from resolving merits claim until state conviction reviewed by Georgia Court of Appeals); Gilbertson v. Albright, 381 F.3d 965, 979 n. 13 (9th Cir. 2004) (noting that almost every circuit has recognized that Younger principles apply "in some fashion" to damages actions). In this case, Plaintiff's Complaint challenges the constitutionality of his pretrial proceedings and defense counsel's failure to seek suppression of evidence which may support his future conviction. Any determination of the civil claims arising from these alleged errors in the state court could substantially interfere with, and potentially undermine, the ongoing state criminal proceeding.

More important, however, is the fact that Plaintiff cannot properly bring a §1983 action for money damages against the named Defendants. All of the Defendants named in Plaintiff's Complaint – the state court judge, prosecutor, public defender, and county jail[1] – are persons or entities which are not subject to a suit for damages under §1983. It is well-known that judges are absolutely immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the

---

[1] Though Plaintiff identifies the "Tift County Jail (Sheriff's Office)" as a Defendant, he fails to make any allegations against the Sheriff, his office, or the jail in the Complaint.

court. Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Wahl v. McIver, 773 F.2d 1169 (11th Cir.1985).  Prosecutors also enjoy immunity in a § 1983 suit for damages based upon actions that are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 428, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  Public defenders are not state actors within the meaning of § 1983, Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981), and county jails are not entities which may be sued under § 1983. See Jones v. Irwin County Jail, 2009 WL 5108233 * 2 (M.D. Ga. Dec. 17, 2009); Ansley v. Franks, 2010 WL 4007626 *2 n.2 (S.D. Ga. Aug. 30, 2010).

Any money-damage claims against the named Defendants would fail outright.  Thus, by default, Plaintiff's only available remedy would have been some sort of injunctive relief, and those claims would clearly be subject to the Younger doctrine.  The Court's dismissal of Plaintiff's Complaint was therefore appropriate, and any appeal therefrom would not be taken in good faith. See Ramey v. Georgia, 2010 WL 786806 at 8 (M.D. Ga. March 05, 2010) (dismissing under Younger where damages were not available against named defendant)

For all of these reasons, Plaintiff's Motion to Proceed *in forma pauperis* on Appeal [Doc. 10] is **DENIED**, and the Court **CERTIFIES** that any appeal from the Court's Order of November 29, 2011, is not brought in good faith.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $ 455.00 appellate filing fee.  Because Plaintiff has stated that he cannot pay the $ 455.00 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to §1915(b), the prison account custodian where Plaintiff is incarcerated shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the $ 455.00 appellate filing fee has been paid in full.  Twenty percent of any deposits into the prisoner's account shall be withheld by the prison account custodian who, on a monthly basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid.  Checks should be

made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED AND DIRECTED**  this 7th day of February, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

jlr